THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **FERGUSON JOHNSON** | * | **CIVIL ACTION NO. 05-1982** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner of Social Security's denial of disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, the decision of the Commissioner is **AFFIRMED in-part and REVERSED and REMANDED in-part for further proceedings.**

## Background & Procedural History

On March 3, 1997, Ferguson Johnson filed the instant claim for Disability Insurance Benefits. (Tr. 17, 52-54). He alleged disability since May 5, 1995, due to aphasia, attention deficit disorder, dyslexia, a slipped disc, and torn muscles. (Tr. 52, 86). The claims were denied initially and upon reconsideration. (Tr. 35-41, 43-46). Thereafter, Johnson requested, and received an July 8, 1998, hearing before an Administrative Law Judge ("ALJ"). (Tr. 301-323). In an August 24, 1998, written decision, the ALJ determined that Johnson was not disabled under the Social Security Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 187-197). Johnson appealed the adverse decision to the Appeals Council. On November 7, 2001, the Appeals Council: granted the request for review, vacated the ALJ's decision, and

1

remanded the case for further proceedings. (Tr. 205-207).

Upon remand, a new hearing was held on May 21, 2002, before the same ALJ. (Tr. 324-342). In a June 10, 2002, written decision, the ALJ issued a partially favorable decision. (Tr. 17-24). The ALJ determined that Johnson was disabled as of December 6, 1999, through at least the date of the decision. *Id*. However, he determined that for the preceding period through December 5, 1999, Johnson was not disabled under the Act, finding at Step Four of the sequential evaluation process that he was capable of returning to past relevant work as a meter reader. (Tr. 17-24). Johnson appealed the adverse portion of the decision to the Appeals Council. Yet, on August 15, 2005 , the Appeals Council denied Johnson's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

Johnson now seeks to have this court review the denial of benefits. He alleges the following error(s):

(1) the ALJ erred in failing to find that plaintiff suffered a severe mental impairment; and

(2) the ALJ's disability determination is not substantially supported by the record evidence.

### **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant

2

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step

sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520. The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that from March 27, 1997, through December 5, 1999, Johnson suffered the following severe impairments: COPD,

4

and degenerative disc disease in the cervical and lumbar spine. (Tr. 19, 23).[1]  However, the ALJ concluded that during this period, the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id.*

Plaintiff contends that the ALJ erred in failing to find that he suffered from a severe mental impairment. In assessing the severity of an impairment, the Fifth Circuit has determined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000). Yet, even if the ALJ erred in failing to find that Johnson suffered a severe mental impairment, the omission is not critical when, as here, the ALJ has determined that the claimant suffers at least one severe impairment, because the ALJ must then proceed to consider all medically determinable impairments in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523 & 416.923. Thus, the critical issue is whether the ALJ's residual functional capacity assessment is supported by substantial evidence.

The ALJ determined that from May 5, 1995, through December 5, 1999, Johnson retained the residual functional capacity to perform the demands of light work. (Tr. 22-23).[2]  However,

---

[1] The ALJ found that from May 5, 1995, through March 26, 1997, there was no medical evidence to consider. (Tr. 19). Accordingly, he determined that during that period, Johnson had no medically determinable impairment. *Id.*

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide

5

the instant medical record is replete with evidence that Johnson suffers one or more mental impairments that significantly affect his ability to work. (Tr. 116-121, 128-139, 240-242, 255-257).[3] For instance, on March 27, 1997, Johnson underwent a psychological evaluation with T. F. Van Buskirk, M.S. and Gregory D. Dayton, Ph.D. (Tr. 116-121). The examiners noted that Johnson's ability to read and spell was below the third grade level. *Id*. They diagnosed major depressive disorder, single episode; reading disorder; and disorder of written expression. *Id*. He was assigned a Global Assessment of Functioning ("GAF") rating of 60. *Id*.[4]

Relying upon the March 27, 1997, consultative report, non-examining agency physician, Richard J. Alexander, M.D., completed a Mental Residual Functional Capacity Assessment form on August 29, 1997. (Tr. 137-139).[5] He indicated moderate limitations in Johnson's ability to understand, remember, and carry out detailed instructions. *Id*. He further found that Johnson suffered moderate limitations in the following areas: the ability to maintain attention and concentration for extended periods, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to set realistic goals or to make plans independently of

---

range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[3] In fact, there is no countervailing evidence. Some of the records post-date the relevant time period, but are merely cumulative.

[4] A GAF of 60 denotes moderate symptoms or moderate difficulty in social, occupational, or school functioning. *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 32.

[5] The assessment was affirmed by Jim L. Cox, Ph.D. *Id*.

others. *Id*.[6]

The only mental impairment that the ALJ briefly addressed was Johnson's alleged illiteracy. (Tr. 22). Yet, the ALJ mistakenly recited that Johnson read *at* the third grade level, while the March 27, 1997, psychological examination report stated that he read *below* the third grade level. (Tr. 22). Morever, the March 1997 examination report is supported by plaintiff's own testimony of functional illiteracy. (*See*, Tr. 306, 327, 331, 335-336). Finally, the record contains responses to interrogatories completed by Gregory Dayton, Ph.D., and James McCabe, Ph.D., wherein they opine that Johnson's reading ability as measured in the March 27, 1997, psychological evaluation, meets the SSA definition of "illiteracy." (Tr. 258-263; 20 C.F.R. § 404.1564(b)(1)).[7] In sum, the ALJ's residual functional capacity assessment is not supported by substantial evidence.

This error is material to the ALJ's ultimate disability determination. At Step Four of the sequential evaluation process, the ALJ determined that Johnson's residual functional capacity permitted him to return to his past relevant work as a meter reader. However, when making a finding that an applicant can return to prior work, the ALJ must directly compare the applicant's remaining functional capacities with the physical and mental demands of the previous work and make clear factual findings on that issue. *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994)(citing, 20 C.F.R. § 404.1520(e) and *Abshire v. Bowen*, 848 F.2d 638, 641 (5th Cir.1988)). Because the ALJ's residual functional capacity assessment is not supported by substantial

---

[6] "An ALJ may properly rely on a non-examining physician's assessment when . . . those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoting, *Villa v. Sullivan,* 895 F.2d 1019,1024 (5th Cir. 1990)).

[7] Dr. Dayton participated in the March 27, 1997, evaluation.

evidence, this error necessarily undermines his Step Four determination.[8]

For the foregoing reasons,

**IT IS RECOMMENDED** that for the period from May 5, 1995, through December 5, 1999, the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further proceedings.[9]

**IT IS FURTHER RECOMMENDED** that for the period beginning December 6, 1999, the Commissioner's decision be **AFFIRMED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[8] The court observes that past relevant work is defined as "the actual demands of past work or 'the functional demands ... of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987)(citing, Social Security Ruling 82-61). In this case, the ALJ relied on the *Dictionary of Occupational Titles* ("DOT"), to determine that Johnson could return to his past relevant work. (*See*, Tr. 22-23). However, the DOT description for a meter reader appears to include reading requirements in excess of Johnson's ability. *See*, DOT, 209.567-010 and Appendix C. Moreover, the lifting requirements of the meter reader position as Johnson actually performed it, exceed the light exertional level. (Tr. 74). These issues can be addressed upon remand.

[9] The ALJ determined Johnson's residual functional capacity for the period from May 5, 1995, through December 5, 1999. (Tr. 22-24). Although the record appears devoid of medical records prior to March 26, 1997, an onset date before then is not necessarily precluded.

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE